OPINION OF THE COURT
Julian A. Hertz, J.
The defendant is charged with rape in the first degree in violation of section 130.35 of the Penal Law. He now moves to dismiss the charge after a preliminary hearing. The issue posed is: Can an admitted prostitute be raped when she has sexual intercourse with a client who, instead of paying the agreed upon fee, draws a pistol and obtains the quid pro quo? The court has not been able to find any prior case that has ruled on this issue.
For the purpose of this instant decision on the motion to dismiss after the People’s case on the preliminary hearing, the facts as presented by the complainant are credited. Her statements to the court include her admission as to her profession and the meeting when the defendant approached her on the sidewalk on August 25, 1978, sometime between 11:00 a.m. and 11:30 a.m. at 38th Street off 12th Avenue in New York City. The complainant and the defendant agreed on a fee for *640 her sexual services. He suggested the act to take place in an abandoned trailer. They mounted a crate to gain access to the trailer. Since the door did not close securely, she was able to see the pistol (instead of money) produced by the defendant when she requested payment prior to performing.
Having been compelled to perform without payment, a question arises as to whether the complainant was raped. Doubtless, she consented to sexual intercourse. However, the question remains as to whether said consent was revoked at the time of the refusal to pay the agreed fee. A fact finder could conclude that the complainant did not consent.
It is the conclusion of this court that sexual intercourse with an admitted prostitute accomplished, if proven, by evidence establishing guilt beyond a reasonable doubt, by the coercive force of the weapon described, constitutes rape in the first degree in violation of section 130.35 of the Penal Law. The motion to dismiss is denied.